**SIMON S. KOGAN**
**ATTORNEY AT LAW**
171 Wellington Court, Suite 1J
Staten Island, New York 10314
Telephone: (718)984-3789
Facsimile: (917)791-8800
Email: SIMONKOGAN@KOGANLAW.NET

September 16, 2016

***VIA ECF***
Hon. Joseph F. Bianco
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: KBM Worldwide, Inc. v. Writ Media Group, Inc. and Eric Mitchell, Case no.:16-cv-04583-JFB-ARL

Dear Judge Bianco:

I represent defendants Writ Media Group and Eric Mitchell in the above-referenced action. I write pursuant to your honor's rules to request a pre-motion conference. At present, defendant intend to file a motion to dismiss the causes of action that seek to plead a cause of action under Section 10(b) of the Securities Exchange act of 1934 and Rule 10b-5 promulgated thereunder. Defendants submit that the fraud claims are duplicative of the breach of contract claims and therefore do not make out a claim upon which relief may be granted. Indeed, "[u]nder New York law, a fraud claim will not lie if it arises out of the same facts as plaintiff's breach of contract claim. *Telecom Int'l Am., Ltd. v. AT&T Corp.*, 280 F.3d 175,196 (2d Cir. 2001). Here, fraud claims are coextensive with its contract claims and are subject to dismissal.

Defendants also submit that the plaintiff failed to allege fraud with the level of particularity required by Rule 9(b) and the Private Securities Litigation Reform Act ("PSLRA"). *Sawabeh Info. Servs. Co. v. Brody*, 832 F. Supp. 2d 280, 298, 2011 U.S. Dist. LEXIS 146543, *31, 2011 WL 6382701 (S.D.N.Y. 2011). The PSLRA imposes a heightened pleading standard for claims of securities fraud. The PSLRA Rule 9(b)'s instruction that allegations of scienter may be alleged generally with a requirement that scienter be plead with specificity. In pertinent part, the PLSRA provides:

> in any private action arising under this title [15 USCS §§ 78a et seq.] in which the plaintiff may recover money damages only on proof that the defendant acted with a particular state of mind, the complaint shall, with respect to each act or omission alleged to violate this title [15 USCS §§ 78a et seq.], state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind.
>
> 15 USCS § 78u-4.

Here, plaintiffs made no attempt to plead facts that would give any type of an inference that they acted with scienter. Their generalized general allegation simply does not suffice. Accordingly, defendants propose to file a motion to dismiss the complaint pursuant to rules 9(b) and Rule 12(b)(6).

Finally, although I am loath to do so, I must request that the Court allow me to participate in any pre-motion conference by telephone. I am stroke survivor who suffers from left-side hemiplegia. As a result, I travel with a power wheelchair, and while I could travel by public transportation it would be extremely burdensome for me to do so. Thank you in advance for your consideration of these requests.

Respectfully Submitted,

/s/ Simon kogan (sk-2132)

c.c.: Eric Mitchell (by email attachment)