UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
KBM WORLDWIDE, INC.,

Plaintiff,

Case No.16-CV-4538 (JFB) (ARL)

-against-

WRIT MEDIA GROUP, INC. AND
ERIC MITCHELL,

Defendants.
---------------------------------------------------------------X

ANSWER WITH COUNTERCLAIMSAND AFFIRMATIVE DEFENSES

Defendants Writ Media group, Inc and Eric Mitchell, by their attorney, as and for their answer to the complaint and for their counter claims, hereby alleges as follows:

1. Denies having knowledge or information sufficient to form a basis as to the truth of the allegations contained in paragraph 1 of the complaint.
2. Admits the allegations contained in paragraph 2 of the complaint.
3. Denies having knowledge or information sufficient to form a basis as to the truth of the allegations contained in paragraph 3 of the complaint.
4. Denies having knowledge or information sufficient to form a basis as to the truth of the allegations contained in paragraph 4 of the complaint.

5. Denies the allegations contained in paragraph 5 of the complaint.
6. Admits the allegation contained in Paragraph 6 of the complaint except that they deny having knowledge or information sufficient to for a belief as to the truth of the allegation that plaintiff maintains its principal place of business and transacts business within the Eastern District of New York.
7. Denies the allegations contained in Paragraph 7 of the complaint.
8. Denies having knowledge or information sufficient to form a basis as to the truth of the allegations contained in paragraph 8of the complaint.
9. Admits the allegations contained in paragraph 9 of the complaint.
10. Admits the allegations contained in paragraph 10 of the complaint.
11. Denies the allegations contained in paragraph 11 of the complaint.
12. Denies the allegations contained in paragraph 12 of the complaint.
13. Defendant restates each and every responsive allegation made in response to paragraphs 1 thru 12 of the complaint.
14. Denies having knowledge or information sufficient to form a basis as to the truth of the allegations contained in paragraph 14 of the complaint.
15. Denies having knowledge or information sufficient to form a basis as to the truth of the allegations contained in paragraph 15 of the complaint.
16. Denies having knowledge or information sufficient to form a basis as to the truth of the allegations contained in paragraph 16 of the complaint.

17. Denies the allegations of paragraph 17 of the complaint.

18. Denies having knowledge or information sufficient to form a basis as to the truth of the allegations contained in paragraph 18 of the complaint.

19. Denies the allegations contained in paragraph 19 of the complaint.

20. Denies the allegations contained in paragraph 20 of the complaint.

21. Denies the allegations contained in paragraph 21 of the complaint.

22. Denies the allegations contained in paragraph 22 of the complaint.

23. Denies having knowledge or information sufficient to form a basis as to the truth of the allegations contained in paragraph 23 of the complaint.

24. Denies having knowledge or information sufficient to form a basis as to the truth of the allegations contained in paragraph 24 of the complaint.

25. Denies the allegations contained in paragraph 25 of the complaint.

26. Defendant restates each and every responsive allegation made in response to paragraphs 1 thru 25 of the complaint.

27. Denies having knowledge or information sufficient to form a basis as to the truth of the allegations contained in paragraph 27 of the complaint.

28. Denies the allegations contained in paragraph 28 of the complaint.

29. Denies the allegations contained in paragraph 29 of the complaint.

30. Denies the allegations contained in paragraph 30 of the complaint.

31. Denies the allegations contained in paragraph 31 of the complaint.

32. Defendant restates each and every responsive allegation made in response to paragraphs 1 thru 31 of the complaint.

33. Denies the allegations contained in paragraph 33 of the complaint.

34. Denies the allegations contained in paragraph 34 of the complaint.

35. Defendant restates each and every responsive allegation made in response to paragraphs 1 thru 34 of the complaint.

36. Denies having knowledge or information sufficient to form a basis as to the truth of the allegations contained in paragraph 36 of the complaint.

37. Denies the allegations contained in paragraph 37 of the complaint.

38. Defendant restates each and every responsive allegation made in response to paragraphs 1 thru 37 of the complaint.

39. Denies the allegations contained in paragraph 39 of the complaint.

40. Denies the allegations contained in paragraph 40 of the complaint.

41. Denies the allegation contained in paragraph 41 of the complaint.

42. Denies the allegations contained in paragraph 42 of the complaint

43. Defendant restates each and every responsive allegation made in response to paragraphs 1 thru 42 of the complaint.

44. Denies the allegations of paragraph 44 of the complaint.

45. Denies the allegations contained in paragraph 45 of the complaint.

46. Denies having knowledge or information sufficient to form a basis as to the truth of the allegations contained in paragraph 46 of the complaint.

47. Denies having knowledge or information sufficient to form a basis as to the truth of the allegations contained in paragraph 47 of the complaint.

48. Denies the allegation contained in paragraph 48 of the complaint.

49. Admits the allegations contained in paragraph 49

50. Denies having knowledge or information sufficient to form a basis as to the allegation contained in paragraph 50 of the complaint.

51. Denies having knowledge or information sufficient to form the basis as to the truth of the allegations contained in paragraph 51 of the complaint.

52. Denies the allegations contained in paragraph 52 of the complaint.

53. Denies having knowledge or information sufficient to form a basis as to the truth of the allegations contained in paragraph 53 of the complaint.

54. Denies the allegations contained in paragraph 54of the complaint.

55. Denies the allegations contained in paragraph55 of the complaint.

56. Defendant restates each and every responsive allegation made in response to paragraphs 1 thru 55 of the complaint.

57. Denies having knowledge or information sufficient to form a basis as to the truth of the allegations contained in paragraph 57 of the complaint.

58. Denies the allegations contained in paragraph 58 of the complaint.

59. Denies the allegations of paragraph 59 of the complaint.

60. Denies the allegations of paragraph 60 of the complaint.

AS AND FOR A FIRST AFFIRMATIVE DEFENSEAND FIRST COUNTERCLAIM
(breach of the implied covenant of good faith and fair dealing)

61. At all relevant times, plaintiff owed defendants an implied covenant of good faith and fair dealing.

62. This covenant included an obligation not to engage in a course of conduct that would operate to deprive the defendant of the benefits of its bargain.

63. As a result of this covenant, plaintiff owed defendant an obligation not to liquidate their stock positions un such a manner thath would devastate the market for defendant's common stock.

64. Upon information and belief, plaintiff intentionally and/or recklessly engaged in trading activity, including illegal short-selling that caused a precipitous decline in th market price for the defendant's common stock.

65. As a result of this conduct, defendant has been damaged in an indeterminate amount believed to be no less than $500,000 which amount will be more fully proven at trial.

AS AND FOR A SECOND AFFIRMATIVE DEFENSE

66. Plaintiff fails to plead its fraud claims with sufficient particularity to satisfy either rule 9(b) of the Federal Rules of civil Procedure or the New York civil Procedure Law and rules.

AS AN FOR A THIRD AFFIRMATIVE DEFENSE

66. Upon information and belief, each of the notes allegedly issued by defendant plaintiff, included conversion price equal to ta discount from the lowest bid price for defendant's common stock during a specific period prior to the conversion date.

67. Upon information and belief, the effective interest caused by this discount to exceeded 25 per cent per year.

68. Tis effective interest rate exceeded the criminal usury limit established by Section190.42 of the Penal Law of the State of New York.

69. As a result, any notes issued to plaintiff were void *ab initio* and cannot be enforced.

AS AND FOR A THIRD AFFIRMATIVE DEFENSE

70. This Court lacks jurisdiction over the subject matter of this action.

AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

71. Since plaintiff has an adequate remedy at law, plaintiff is not, as a matter of law, entitled to injunctive relief.

AS AND FOR A fifth AFFIRMATIVE DEFENSE

72. The complaint fails to state a cause of action upon which relief may be granted.

73. As a result of this illegal activity, defendant suffered a loss in market capitalization of no less than $400,000, which amount will be more fully proven at trial.

74. As a result of plaintiff's illegal activities, defendant suffered at least $400,000 in damages, which amount will be more fully proven at trial.

AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

75. Any damages suffered by plaintiff was the result of its own improper conduct.

AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

76. Plaintiff's liquidated damage provisions constitutes a penalty not enforceable under New

WHEREFORE, defendant respectfully requests enter judgement:

(a) dismissing the complaint in its entirety;

(b) granting defendant, a judgement against plaintiff in the amount of no less than $500,000 on the first and second counterclaims;

(c) the costs and disbursements of this action;

(d) reasonable attorney's fees;

(e) such other and further relief as the court may deem just and proper.

Dated: Staten Island, N.Y
October 31, 2016

Yours, etc.
/s/ Simon Kogan
/s/ Simon Kogan(sk-2132)
Counsel for Defendant CardioGenics Holdings, Inc.
171 Wellington Court, Suite 1J
Staten Island, New York 10314
Tel: (718)984-3789
Email:simonkogan@koganlaw.net