UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------X
KBM WORLDWIDE, INC.

Plaintiff

-against-

Case no:2:16 cv-4583(JFB)(ARL)

WRIT MEDIA GROUP, INC. And
ERIC MITCHELL

Defendant.
---------------------------------------------X

DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Defendants Writ Media Group, Inc. and Eric Mitchell respecfullysubmits this Memoradum of Law in Opposition to plaintiff/s Motion for Summary Judgment. Defendants respectfully submit that the motion fior summary judgement must be denied for the following reasons. First, the motion must be denied because the answer ufraisethe quintee the allegationsraised in the answer of illegal short-selling raise the quintessential issue of material fact.

Statement of the case

Each of the putative notes involved in this case were issued pursuant to Securities Purchase Agreements("SPA") thatgoverned each of the transactions. Each SPA included the following identical prohibitions on short sales of defendant Writ Media's common stock:

m. Trading Activities. Neither the Buyer nor its affiliates has an open short position in the common stock of the Company and the Buyer agree that it shall not, and tat it will cause its affiliatesH not to, engagein in any short sales of or hedging transactionswith respect to the common stock of the Company.

The answer alleges that plaintiff breache answer this express prohibition by selling defendant writ Media's common stock short or by engaging in other hedging activities. Plaintiff's blanket denial of these allegations are simply insufficient to enable this court to grant Summary judgment.

The trial Court's function on a motion for Summary Judgment is to determine if there is a factual disputes isufficient factual dispute such that the nonmoving party is entitled to have the issue decided by the fact-finder.*Anderon v. Liberty Lobby,* The Court should not be making a finding of fact.

Id at 250-1.Given the number of factual disputes inherent in this case, plaintiff's motion should be denied in its entirety.

III.

A REASONABLE JURY COULD FIND THAT THE NOTES WERE USURIOUS.

There is little question that a jury could conclude that plaintiff's notes ran afoul of New York's criminal usury statatue. Underorm of New York law. Any note that provides for an effective interest rate of *more* than 25percent is void *ab initio*. Thus, under New York law, the risk is on the lender to ensure compliance with the statute.Here, plaintiff ignores the fact that the notes provide for an effective interest rate of 45 per cent in the f

orm a discount to the market price . Plaintiff's argument ignores this discountand the fact that pplaintiff asumed the risk when it made a usurious loan. At the risk of sounding repetitive, a

reasonable jury could conclude that the notes are usurious and void.At the very least, this court should allow the matter to be tried.

In arguing that defendant's criminal usury claims must fail, plaintiff relies on this Court's decision in *KBM WORLDWIDE v Hangover Joe's Holdings, Inc.* This reliance is woefully misplaced because *Hangover Joe's* dealt with the defendant's motion for Summary judgment on the defendant's counterclaims that alleged usury as a defence to plaintiff's attempt to enforce notes similar to the case The motion for Summary judgment was denied. Accordingly, defendant submits that plaintiff's motion should be denied it its entirety.

.CONCLUSION

For the reasons set forth herein, defendant Write Media submits that plaintiff's motion for summary judgment shoud lbe denied.