UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x

KBM WORLDWIDE, INC.,

Civil Action No.: cv-16-4583 (JFB) (ARL)

Plaintiff,

-against-

WRIT MEDIA GROUP, INC. AND ERIC MITCHELL,

Defendants.

-----------------------------------------------------------------------x

# PLAINTIFF'S REPLY MEMORANDUM OF LAW

Naidich Wurman LLP
Attorneys for Plaintiff
111 Great Neck Road – Suite 214
Great Neck, New York 11021

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x

KBM WORLDWIDE, INC.,

Civil Action No.: cv-16-4583 (JFB) (ARL)

Plaintiff,

-against-

WRIT MEDIA GROUP, INC. AND ERIC MITCHELL,

Defendants.

---------------------------------------------------------------------x

## PLAINTIFF 'S REPLY MEMORANDUM OF LAW

## PRELIMINARY STATEMENT

The plaintiff, KBM Worldwide, Inc. ("Plaintiff") respectfully submits this Reply Memorandum of Law in response to the Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment and in further support of said motion.

## ARGUMENT

## POINT ONE

## DEFENDANTS HAVE FAILED TO DEMONSTRATE A GENUINE ISSUE OF FACT

Although the Defendants oppose the motion, they do not contend that the Plaintiff has failed to meet its initial burden of proof. Instead, they contend that two triable issues of fact are presented. However, they have not produced any admissible evidence in support of their contentions and instead rely on unsubstantiated hearsay documents for which no foundation has been laid. This is impermissible. Palisades Collection, LLC v. Kedik, 67 A.D.3d 1329 (4th Dep't, 2009); Kramer v. Oil Services, Inc., 56 A.D.3d 730 (2d Dep't, 2008); Federal Rules of Evidence, Rules 802, 803.

That is to say, a party opposing a motion for summary judgment must do more than simply show that there is some metaphysical doubt as to material facts. Alston v. Howard, 925 F. Supp. 1034 (S.D.N.Y. 1996). Instead, the opposing party must enumerate specific facts and circumstances supported by depositions, affidavits upon personal knowledge, and admissions, and cannot rely upon conclusory allegations as the defendants do here. *Id.* Stated differently, an opposing party cannot sit back and simply poke holes in a summary judgment motion especially where, as here, the non-movant has the burden of proof on the alleged triable issues presented. MacDonald v. Commonwealth Edison Service Annuity Fund, 810 F. Supp. 239 (N.D. Illinois, 1993). Stated differently, the bold denials of the Defendants - - which do not even amount to a scintilla of evidence - - do not suffice here. *Id.* This is especially so as the Defendants have not submitted a counter statement of material facts, as required by Local Civil Rule 56.1(b). Acordingly, the facts contained in the Plaintiff's Statement of Material Facts should be deemed as true and accurate. Local Civil Rule 56.1(c).

The Court should be aware that at no time have the Defendants in this case ever sought to depose the Plaintiff nor have they have served any discovery demands or document requests to seek out evidence regarding their alleged triable issues. Under such circumstances, summary judgment should be granted as no genuine issue has been presented. Celotex Corporation v. Catrett, 106 S. Ct. 2548, 91 L.Ed. 2d 265 (1986); First National Bank of Arizona v. Cities Service Co., 88 S. Ct. 1575, 20 L. Ed. 2d 569 (1968). Parenthetically, the Defendants have never responded to the Plaintiff's discovery demands either.

Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986), cited by Defendants, lends no support to their cause. That action involved a claim of libel and not a commercial dispute as the case at bar. Moreover, the Supreme Court of the United States

actually granted summary judgment as it found that there were no genuine issues of fact. The same result should obtain here.

In summary, the alleged defense of "short sale" is nothing of the kind and the Defendants have produced no admissible evidence to support their contention. Further, as we have already demonstrated, the laws of criminal usury do not apply here. Atul Bhatara v. Futterman, 122 A.D.3d 509 (1st Dep't, 2014); AJW Partners LLC v. Itronics, Inc., 68 A.D.3d 567 (1st Dep't, 2009); Solomon v. Van De Maele, 21 A.D.2d 396 (1st Dep't, 1964). Moreover, Defendants have not submitted any legal authorities in support of their contentions. Additionally, their attempts to distinguish the Decision of Magistrate Judge Brown in KBM Worldwide, Inc. v. Hangover Joe's Holding Corp., cv-15-7254 (EDNY, 2/1/17), are unavailing. As the Court in that case found that the identical Notes and Securities Purchase Agreements were not subject to any criminal usury defense. Under these circumstances, summary judgment should be granted. Asher Enterprises, Inc. v. Digital Brand Media & Marketing Group, Inc., Sup. Ct. Nassau Co., Index No.: 600717-14, 6/30/15 (n.o.r.).

CONCLUSION

Plaintiff should be awarded summary judgment for both monetary damages and specific performance against the Defendant and the Defendant's affirmative defenses and counterclaims should be dismissed. The action should be dismissed against Mitchell without prejudice, especially as defendants do not oppose such relief.

Dated: Great Neck, New York
May 22, 2017

Respectfully Submitted,

NAIDICH WURMAN LLP
Attorneys for Plaintiff

By: ______________________
Richard S. Naidich (RN4102)